The New York Central and Hudson River Railroad Company, Appellant, *v.* The City of Troy, Respondent.

Third Department, December 28, 1916.

Municipal corporations — title to Adams street in city of Troy — ejectment — public right of way over lands formerly owned by railroad company.

Action of ejectment brought by the plaintiff railroad company to recover possession of a parcel of land situated on the bank of the Hudson river in which the city of Troy, defendant, claims title to an easement of public user, said lands being a portion of Adams street. The parcel was originally included in a grant of lands under water made by the State to an individual solely for the purpose of the commerce of the State, but Adams street has been used by the public for access to the Hudson river since the year 1841, although the city of Troy and other persons had granted to the predecessor of the plaintiff the right to maintain tracks on Adams street. Evidence examined, and *held*, that the lands included in Adams street had been dedicated as a street for public use by the prior owners and had been accepted as such by the defendant city, and that a judgment for the defendant should be affirmed.

Appeal by the plaintiff, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 6th day of April, 1916, upon the decision of the court after a trial before the court, a jury having been waived.

*Visscher, Whalen & Austin* [*William L. Visscher* of counsel], for the appellant.

*Charles I. Webster* [*Thomas H. Guy* of counsel], for the respondent.

LYON, J.:

This action is in ejectment and was brought to recover possession of a parcel of land about thirty-four feet wide north and south by forty feet long east and west, situated on the easterly bank of the Hudson river in the city of Troy, the northerly line of which is the center line of Adams street. The trial court held that the parcel in question is a portion of Adams street and subject to the easement of public user, and that the same is a right of possession paramount to any right of possession shown by the plaintiff whatever its title may·be. From the judgment entered thereon dismissing the complaint upon the merits, this appeal has been taken.

In 1836 the State of New York granted by patent to Cushman and others " for the purpose of promoting the commerce of this State, and for no other object or purpose whatsoever," a tract of land under the waters of the Hudson river, bounded on the north by the northerly line of Adams street continued to a point in the Hudson river 300 feet westerly of the west line of Front street which point was some distance westerly of the parcel of land in controversy; on the west by a line parallel to the west line of Front street; and on the east by the bank of the Hudson river at low-water mark as it winds and turns to the place of beginning. Said patent thus included the parcel of land in controversy. Concededly, since as early as 1841 Adams street from the west line of Front street easterly has been a public street of the city of Troy, running to and affording access to the Hudson river. In 1846 by deed of partition there was allotted to Richard J. Knowlson, together with other parcels, the portion of said patent situated north of a line drawn parallel to Adams street and 460 feet south of the south line thereof, and lying between the Hudson river and a line which was practically an extension of the east line of Front street, together with the land under the waters of the Hudson river opposite said premises, as granted by the State. In 1855 the city of Troy granted to the Troy and Boston Railroad Company permission to lay a track from the Union railroad westerly along the center of Adams street, as near as practicable, to the dock, upon condition that said company should plank between the rails the entire length of Adams

street and keep them in good order, also pave it outside the rails, and form all proper gutter necesssary to leave and keep the street in good condition as long as their track remained.

In 1864, James S. Knowlson and others, as executors of Richard J. Knowlson, deceased, and his heirs at law, conveyed to the Hudson River Railroad Company, the predecessor in title of the plaintiff, the tract of land which was conveyed to their testator by the said deed of partition of 1846. In 1865 the said permission which had been so granted to the Troy and Boston Railroad Company to lay a track along the center of Adams street, as near as practicable, to the dock, was modified by the city authorizing the construction of the track between the center of the street and the southerly sidewalk of Adams street. The track was so constructed, but as it approached the parcel of land in controversy, curved to the north, and in 1909 ran along the north side of the building standing upon the said parcel of land, which is within the lines of Adams street as extended. For more than forty years the land at the westerly end of the present Adams street has been filled in and a dock maintained at the bank of the river. The freighthouse and yards of the plaintiff have for many years been located on the south side of Adams street, and the street has been considerably traveled by persons and teams going to said dock and said freighthouse and yards. For some years the Clyde Steamship line used the dock constructed at the foot of Adams street and the building abutting thereon, which stood upon the parcel of land in controversy, for the storage of freight transported by it upon the Hudson river. In 1907 the plaintiff leased to Westfall & Lasher the parcel of land in controversy as a site for the storehouse of the lessees which they occupied until July, 1909. In June, 1909, the city of Troy took possession of the parcel and leased to the Manhattan Navigation Company the said dock, together with the surface of the westerly end of Adams street to Front street, subject to the free and uninterrupted use thereof by the adjacent property owners and the public. Said navigation company was engaged in transporting persons and property on the Hudson river and used said storehouse for the storage

of freight until it was washed away in or about the year 1913. In 1910 this action was brought to obtain possession of the parcel of land in question, the plaintiff claiming to be the owner thereof in fee, and that the defendant was withholding the possession thereof from the plaintiff.

The trial court found that at and prior to the time of the grant by the State to Cushman and others in 1836, Adams street was a public street of the city of Troy, running to the Hudson river, and that an easement existed for the use of the lands in suit as a part of Adams street as a public street and passageway. Among the conclusions of law the court found that Adams street, including the land in suit, was a public street over which a right of way existed for the public user; that the plaintiff's title, such as it has, is subject to the public easement for street purposes.

We think the decision of the trial court was fully justified by the evidence relating to the dedication of Adams street west of Front street to the public use by the grantees under the patent and their successors in title, and the acceptance of the street by the city of Troy. The northerly line of Adams street continued was made the northerly line of the patent. In the partition deed of 1846, and the two conveyances from the Knowlson executors and heirs in 1864, both the center and southerly lines of this portion of Adams street were fixed, the former as being the northerly line of the lands conveyed, and the latter as being four hundred and sixty feet north of the southerly line of said lands. Furthermore, the map made upon the partition of the lands of the patent and filed in the Rensselaer county clerk's office in 1847 shows Adams street extended its full width over the waters of the Hudson river for a considerable distance beyond the west line of Front street. The Beers maps of the city of Troy of date 1835 and 1845, also the Barton map of 1846 of the Troy basin and railroad depot lands, and the maps of the Commissioners of the Land Office indicate an actual or contemplated extension of Adams street west of Front street. Manifestly the westerly portion of Adams street had been subjected to the free and uninterrupted use by the public for upwards of twenty years prior to the commencement of the action in going to and from the dock,

the Lasher storehouse, the freighthouse and yards, and for general purposes incident to commerce.

The evidence also clearly establishes the acceptance by the city of Troy of the westerly end of Adams street as a public highway. The trial court found that in the contemplated improvements subsequent to 1830 at and in the vicinity of Adams street, and in the changes that were made in the surrounding lands, that street was always opened and used as a public street to the waters of the Hudson river; also that for more than forty years the portion of Adams street had been a public street. In or about the year 1852 the city constructed a brick sewer through the center of the street emptying into the Hudson river, and apparently the plaintiff's predecessors in title paid the assessment placed upon them therefor. In 1855 the city provided for the planking of the space between, and the paving outside the rails of the railroad track laid therein, and for keeping the tracks in good condition, and forming all proper gutters necessary to keep the street in good order as a condition of the Troy and Boston Railroad Company placing its track in the street. The evidence was ample to support the conclusion of the court that Adams street west of River street including the lands in suit is a public street over which a right of way exists for the public user.

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, with costs.